NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEOPRIC K. BLOODSAW, ) | | No. C 07-4665 JF (PR) |
| ) | | |
| ) | | ORDER OF PARTIAL |
| Plaintiff, ) | | DISMISSAL WITH LEAVE TO AMEND |
| ) | | |
| vs. ) | | |
| ) | | |
| ) | | |
| J.S. WOODFORD, et al., ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

     Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the former Warden at San Quentin State Prison J.S. Woodford and Pelican Bay State Prison Correctional Officer R. Stevenson.  Plaintiff has been granted leave to proceed in forma pauperis in a separate written order.  The Court will DISMISS the complaint in part with leave to amend as to Defendant Woodford.

**DISCUSSION**

**A.    Standard of Review**

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

1  28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss
2  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or
3  seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).
4  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
5  699 (9th Cir. 1990).
6      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under
7  the color of state law committed a violation of a right secured by the Constitution or laws of the
8  United States. West v. Atkins, 487 U.S. 42, 48 (1988).
9      Liability may be imposed on an individual defendant under section 1983 if the plaintiff
10 can show that the defendant proximately caused the deprivation of a federally protected right.
11 See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d
12 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the
13 meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or
14 omits to perform an act which he is legally required to do, that causes the deprivation of which
15 the plaintiff complains. See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th
16 Cir. 1995).

17 **B.    Plaintiff's Claim**

18      Plaintiff claims that " . . . Cruel and Unusual Punishment Inflicted" as to Defendants
19 Woodford and Stevenson. Plaintiff alleges that he was refused medical attention until August 16,
20 2007. Plaintiff contends that an unprovoked attack caused him severe pain and muscle spasms.
21 A use of force hearing was held on August 16, 2007. Plaintiff claims that he was a victim of a
22 crime. He contends that Defendant Stevenson had no reason to violently grab and push him into
23 his cell by his left arm. Plaintiff seeks a permanent injunction, liability, and punitive damages
24 against Defendant Stevenson for police brutality and harassment. Complaint at 3-4.
25      The treatment a prisoner receives in prison and the conditions under which he is confined
26 are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31
27 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes
28 cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475

1 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted).  A prison

2 official violates the Eighth Amendment when two requirements are met: (1) the deprivation

3 alleged must be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 824, 834 (1994)

4 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a

5 sufficiently culpable state of mind, i.e., the offending conduct was wanton, id. (citing Wilson,

6 501 U.S. at 297); LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir. 1993).

7       Whenever prison officials stand accused of using excessive force in violation of the

8 Eighth Amendment, the deliberate indifference standard is inappropriate.  Hudson v. McMillian,

9 503 U.S. 1, 6 (1992).  Instead, the core judicial inquiry is whether force was applied in a good-

10 faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Id. at

11 6-7; Whitley, 475 U.S. at 320-21; Jeffers v. Gomez, 267 F.3d 895, 912-13 (9th Cir. 2001)

12 (applying "malicious and sadistic" standard to claim that prison guards used excessive force

13 when attempting to quell a prison riot, but applying "deliberate indifference" standard to claim

14 that guards failed to act on rumors of violence to prevent the riot).

15       In determining whether the use of force was for the purpose of maintaining or restoring

16 discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the

17 need for application of force, the relationship between that need and the amount of force used,

18 the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and

19 any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7; LeMaire,

20 12 F.3d at 1454; see also Spain v. Procunier, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use

21 force only in proportion to need in each situation); see, e.g., Watts v. McKinney, 394 F.3d 710,

22 712-13 (9th Cir. 2005) (finding that kicking the genitals of a prisoner who was on the ground and

23 in handcuffs during an interrogation was "near the top of the list" of acts taken with cruel and

24 sadistic purpose to harm another); Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002)

25 (pepper-spraying fighting inmates a second time after hearing coughing and gagging from prior

26 spray was not malicious and sadistic for purpose of causing harm, where initial shot of spray had

27 been blocked by inmates' bodies).

28       Liberally construed, Plaintiff has alleged a cognizable excessive force claim against

1  Defendant Stevenson. However, Plaintiff fails to set forth any factual allegations describing
2  Defendant Woodford's individual actions that resulted in a violation of his constitutional rights.
3  For a claim to be cognizable, a plaintiff must "set forth specific facts as to each individual
4  defendant's deprivation of protected rights." Leer, 844 F.2d at 634. A person deprives another
5  of a constitutional right within the meaning of section 1983 if he does an affirmative act,
6  participates in another's affirmative act or omits to perform an act which he is legally required to
7  do, that causes the deprivation of which the plaintiff complains. Id. at 633; Robins v. Meecham,
8  60 F.3d 1436, 1442 (9th Cir. 1995). Here, Plaintiff fails to link Defendant Woodford, the former
9  Warden at San Quentin State Prison, to his excessive force claim.
10         Additionally, Plaintiff is cautioned that there is no respondeat superior liability under
11  Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions
12  of an employee. Liability under Section 1983 arises only upon a showing of personal
13  participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor
14  may be liable under section 1983 upon a showing of (1) personal involvement in the
15  constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful
16  conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446
17  (9th Cir. 1991) (en banc) (citation omitted).
18         Plaintiff will be given leave to amend the complaint to cure these deficiencies.
19  Accordingly, the Court grants Plaintiff leave to file an amended complaint **within thirty (30)**
20  **days** of the date this order is filed to include sufficient facts to support his claim against
21  Defendant Woodford and the alleged constitutional violation he suffered.

## CONCLUSION

23         1.    Plaintiff's complaint is DISMISSED with leave to amend, as indicated
24  above, **within thirty (30) days** from the date this order is filed. The amended complaint must
25  include the caption and civil case number used in this order (07-4665 JF (PR)) and the words
26  AMENDED COMPLAINT on the first page. Because an amended complaint completely
27  replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.
28  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992).

Plaintiff may not incorporate material from the original complaint, such as supporting documentation of the prison appeal process, by reference. Plaintiff must include all of his claims and name all Defendants in the amended complaint, including the one cognizable claim against Defendant Stevenson. **Failure to file an amended complaint within the designated time will result in the Court proceeding with the cognizable claim against Defendant Stevenson and dismissing all claims against Defendant Woodford for failure to state a cognizable claim under 42 U.S.C. § 1983.**

    2.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/9/08

                        JEREMY FOGEL
                        United States District Judge