United States District Court<br>For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEOPRIC K. BLOODSAW,<br>　　　　Plaintiff,<br>　vs.<br>J. S. WOODFORD, et al.,<br>　　　　Defendant(s). | No. C 07-04665 JF (PR)<br><br>ORDER TO SHOW CAUSE |

Plaintiff, a California inmate, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and Plaintiff was granted leave to proceed in forma pauperis. However, the Court has reviewed Plaintiff's history of filing complaints in pro se and has determined that Plaintiff may be ineligible for pauper status in this matter. Accordingly, this suit is subject to dismissal for the reasons set forth below.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

Order to Show Cause
P:\PRO-SE\SJ.JF\CR.07\Bloodsaw4665_osc1915g.wpd

1    appeal in a court of the United States that was dismissed on the grounds that it is
2    frivolous, malicious, or fails to state a claim upon which relief may be granted,
3    unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.
4    § 1915(g). Section 1915(g) requires that this court consider prisoner actions
5    dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers,
6    128 F.3d 1310, 1311-12 (9th Cir. 1997).

7         For purposes of a dismissal that may be counted under § 1915(g), the phrase
8    "fails to state a claim on which relief may be granted" parallels the language of
9    Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the
10   word "frivolous" refers to a case that is "of little weight or importance: having no
11   basis in law or fact," and the word "malicious" refers to a case "failed with the
12   'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th
13   Cir. 2005) (citation omitted). Only cases within one of these three categories can be
14   counted as strikes for § 1915(g) purposes. See id. Dismissal of an action under §
15   1915(g) should only occur when, "after careful evaluation of the order dismissing an
16   [earlier] action, and other relevant information, the district court determines that the
17   action was dismissed because it was frivolous, malicious or failed to state a claim."
18   Id.

19        Andrews requires that the prisoner be given notice of the potential
20   applicability of § 1915(g), by either the district court or the defendants, but also
21   requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does
22   not bar pauper status for him. Id. Andrews implicitly allows the court to sua sponte
23   raise the § 1915(g) problem, but requires the court to notify the prisoner of the
24   earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner
25   an opportunity to be heard on the matter before dismissing the action. See id. at
26   1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his
27   action as a pauper under § 1915(g), but he still may pursue his claims if he pays the
28   full filing fee at the outset of the action.

Order to Show Cause
P:\PRO-SE\SJ.JF\CR.07\Bloodsaw4665_osc1915g.wpd          2

1    A review of the dismissal orders in Plaintiff's prior prisoner actions reveals
2 that Plaintiff has had at least three such cases dismissed on the grounds that they
3 were frivolous, malicious, or failed to state a claim upon which relief may be
4 granted. Plaintiff is now given notice that the court believes the following
5 dismissals may be counted as dismissals for purposes of § 1915(g): (1) <u>Bloodsaw v.</u>
6 <u>Clarke</u>, CV 04-03462 (C.D. Cal. May 20, 2004) (dismissal pursuant to <u>Heck v.</u>
7 <u>Humphrey</u>, 512 U.S. 477 (1994)); (2) <u>Bloodsaw v. Thomas</u>, CV 04-02944 (C.D.
8 Cal. May 6, 2004) (same); (3) <u>Bloodsaw v. Herm</u>, CV 04-02320 (C.D. Cal. Apr. 19,
9 2004) (same); (4) <u>Bloodsaw v. Yarborough</u>, CV 04-01110 (E) (C.D. Cal. Mar. 16,
10 2004) (same); (5) <u>Bloodsaw v. Matusinka</u>, CV 04-01108 (C.D. Cal. March 16, 2004)
11 (dismissal based upon immunity of defendants and pursuant to <u>Heck v. Humphrey</u>,
12 512 U.S. 477 (1994)); and (6) <u>Bloodsaw v Parker</u>, CV 04-01100 (E) (C.D. Cal Mar.
13 16, 2004) (same). Plaintiff therefore may proceed <u>in forma pauperis</u> only if he is
14 seeking relief from a danger of serious physical injury which is "imminent" at the
15 time of filing. <u>See</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (en
16 banc); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999); <u>Ashley v.</u>
17 <u>Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998); <u>Banos v. O'Guin</u>, 144 F.3d 883, 885
18 (5th Cir. 1998). Plaintiff is not.

19    In light of these dismissals, and because Plaintiff was not under imminent
20 danger of serious physical injury at the time he filed the instant complaint, the court
21 now orders Plaintiff to SHOW CAUSE why this action should not be dismissed
22 pursuant to 28 U.S.C. § 1915(g). Plaintiff's response to this order to show cause is
23 due no later than **thirty (30) days** from the date this order is filed. The response
24 must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE."

25    Although the court has listed six dismissals, only three prior dismissals need
26 to qualify under § 1915(g). In the alternative to showing cause why this action
27 should not be dismissed, Plaintiff may avoid dismissal by paying the full filing fee
28 by the deadline.

Order to Show Cause
P:\PRO-SE\SJ.JF\CR.07\Bloodsaw4665_osc1915g.wpd    3

United States District Court
For the Northern District of California

**FAILURE TO FILE A RESPONSE WITHIN THIRTY (30) DAYS FROM THE DATE THIS ORDER IS FILED OR FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.**

IT IS SO ORDERED.

DATED: 6/23/08

JEREMY FOGEL
United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JF\CR.07\Bloodsaw4665_osc1915g.wpd     4