NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEOPRIC K. BLOODSAW,<br><br>    Plaintiff,<br><br>  vs.<br><br>J. S. WOODFORD, et al.,<br><br>    Defendant(s). | No. C 07-04665 JF (PR)<br><br>ORDER OF DISMISSAL;<br>VACATING ORDER GRANTING<br>*IN FORMA PAUPERIS* STATUS<br><br>(Docket Nos. 5 & 6) |

Plaintiff, a California state prisoner and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He seeks to proceed in forma pauperis under 28 U.S.C. § 1915. The complaint was dismissed with leave to amend, and Plaintiff was granted leave to proceed in forma pauperis. However, the Court reviewed Plaintiff's history of filing complaints in pro se and has determined that Plaintiff may be ineligible for pauper status in this matter. (See Docket No. 9.) On June 30, 2008, the Court ordered Plaintiff to show cause why the action should not be dismissed pursuant to 28 U.S.C. § 1915(g) or alternatively, pay the full filing fee within thirty days of the order. See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). The deadline has since passed, and Plaintiff has neither

filed a response nor paid the full filing fee.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "failed with the 'intention or desire to harm another.'" Andrews, 398 F.3d at 1121. Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. See id. Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Here, plaintiff has had three or more prisoner actions/appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted: (1) Bloodsaw v. Clarke, CV 04-03462 (C.D. Cal. May 20, 2004) (dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)); (2) Bloodsaw v. Thomas, CV 04-02944 (C.D. Cal. May 6, 2004) (same); (3) Bloodsaw v. Herm, CV 04-02320 (C.D. Cal. Apr. 19, 2004) (same); (4) Bloodsaw v.

1  Yarborough, CV 04-01110 (E) (C.D. Cal. Mar. 16, 2004) (same); (5) Bloodsaw v.
2  Matusinka, CV 04-01108 (C.D. Cal. March 16, 2004) (dismissal based upon
3  immunity of defendants and pursuant to Heck v. Humphrey, 512 U.S. 477 (1994));
4  and (6) Bloodsaw v Parker, CV 04-01100 (E) (C.D. Cal Mar. 16, 2004) (same).
5  Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a
6  danger of serious physical injury which is "imminent" at the time of filing.  See
7  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v.
8  Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715,
9  717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  Plaintiff is
10 not.

11     Because plaintiff has had three or more prior dismissals and is not under
12 imminent danger of serious physical injury, plaintiff is not eligible to proceed in
13 forma pauperis on this action under 28 U.S.C. § 1915(g).  Accordingly, order
14 granting leave to proceed in forma pauperis (Docket No. 6) is VACATED.  The
15 motion to proceed in forma pauperis (Docket No. 5) is DENIED.  The instant action
16 is DISMISSED without prejudice to bringing it in a paid complaint.

17     IT IS SO ORDERED.

19 DATED:  8/20/08

    JEREMY FOGEL
20  United States District Judge

Order of Dismissal; Vacating Order Granting IFP Status
P:\PRO-SE\SJ.JF\CR.07\Bloodsaw4665_dismissal.wpd           3